JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-04023 RGK (JCx)** | Date | August 16, 2016 |
|---|---|---|---|
| Title | *Harindra Amaratunge v. Honeywell International Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**     **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 15)**

## I.   INTRODUCTION

On April 11, 2016 Harindra Amaratunge ("Plaintiff") filed a complaint in Los Angeles County Superior Court alleging claims for (1) wrongful termination in violation of public policy; (2) disability discrimination in violation of Government Code §12940(a); (3) retaliation in violation of Government Code §132(a); (4) failure to engage in the interactive process in violation of Government Code §12940(n); (5) failure to accommodate in violation of Government Code §12940(m); and (6) unfair business practices in violation of Business and Professions Code §17200, et seq.

On June 7, 2016, Honeywell International, Inc. ("Defendant") removed the case to federal court, asserting that the parties are of diverse citizenship, and that the amount in controversy exceeds the $75,000 threshold required for federal diversity jurisdiction under 28 U.S.C. § 1332.

Presently before the Court is Plaintiff's Motion to Remand ("Motion") the case to Los Angeles County Superior Court. For the following reasons, the motion is **GRANTED**.

## II.   FACTUAL BACKGROUND

The following facts are taken from the Motion as well as the Opposition to the Motion:

Plaintiff was employed by Defendant as a Program Manager from November, 2004 until his termination on March 6th, 2015. (Def.'s Opp'n to Mot. To Remand 2:10-11, ECF No. 18.)  While employed by Defendant, Plaintiff's yearly salary was $114,725.00, or $9,560.41 per month.  (Pl.'s Mot. To Remand 2:12–13, ECF No. 15.)  Plaintiff was unemployed for five months from March, 2015 to August, 2015, but thereafter found new employment with Arrowhead Products and then with Esterline. (Pl. Mot. To Remand 2:19–23, ECF No. 15.) In both of these new positions Plaintiff's salary was more than what he earned working for Defendant.  (Pl. Mtn. To Remand 2:10–24, ECF No. 15.)

On April 11, 2016, Plaintiff filed a complaint against Defendant in Los Angeles County Superior Court ("Complaint") alleging wrongful termination and related violations of the California Government Code and Business and Professions Code. On June 6, 2016, Defendant filed an Answer in Los Angeles County Superior Court.

The next day on June 7, 2016, Defendant filed a Petition and Notice of Removal to Federal Court under 28 U.S.C. §§ 1332, 1441, and 1446. Presently before the Court is Plaintiff's Motion, filed on July, 7, 2016, asking the Court to remand the case to Los Angeles County Superior Court and to order Defendant to pay Plaintiff's costs and attorney's fees associated with removal and remand.

### III. JUDICIAL STANDARD

A defendant may remove a case from state court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places the burden on the defendant to show by a preponderance of the evidence that removal is proper. *Id.* at 566-67.

A district court has original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Removal based on diversity requires that the citizenship of each plaintiff is diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity must exist both at the time the complaint is filed and the time removal is effected. *Strotek Corp v. Air Transp. Ass'n of Am.,* 300 F.3d 1129, 1131 (9th Cir. 2002). An allegation that the amount in controversy exceeds the $75,000 threshold "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014). If the plaintiff does contest the allegation, however, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.*

"If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality,* 213 F.3d 1108, 1113 (9th Cir. 2000) ("If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case."). The court "resolves all ambiguity in favor of remand." *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2000).

### IV. DISCUSSION

#### A. Timeliness of the Motion to Remand

Defendant argues that Plaintiff failed to timely challenge removal. (Def.'s Opp'n 3:12–17). Section 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). However, "[i]f at *any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* (emphasis added).

Plaintiff's Motion was filed more than 30 days after Defendant's Notice of Removal was filed. (Def.'s Opp'n 3:22–25, ECF No. 18). Plaintiff argues in his Motion, however, that the amount in controversy requirement for diversity jurisdiction has not been satisfied. Since Plaintiff's Motion is based on lack of subject matter jurisdiction, the 30 day limit from § 1447(c) does not apply and the Motion was timely.

### B. Standard of Proof

The parties dispute the standard of proof that applies to determine whether the amount in controversy requirement has been met. Defendant argues that the preponderance of the evidence standard applies. Plaintiff argues, however, that Defendant must show that the amount in controversy exceeds the jurisdictional threshold with "legal certainty" since the Complaint alleges less than $75,000 in damages. (Pl.'s Mot. To Remand 3:25).

Plaintiff relies on *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007) for this proposition. (Pl.'s Mot. To Remand 3:25.) In *Guglielmino* the Ninth Circuit held that a defendant must prove with "legal certainty" that the amount in controversy requirement under the Class Action Fairness Act ("CAFA") is satisfied when the complaint alleges damages less than the jurisdictional threshold. *Guglielmino*, 506 F.3d at 699. The Ninth Circuit, however, declined to rule on whether the "legal certainty" standard applies to non-CAFA cases. *Id.* at 699 n.3. Further, in 2013 the Ninth Circuit recognized that the case on which the *Guglielmino* decision was based was overruled by the Supreme Court in *Standard Fire Insurance Co. v. Knowles*, 133 S.Ct. 1345 (2013). *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The effect was that the legal standard in CAFA cases reverted back to the preponderance of the evidence standard. *Id.* While no case in the Ninth Circuit directly addresses what standard applies to non-CAFA cases where the amount in controversy is disputed and the complaint alleges less than $75,000 in damages, the best reading of the law is that a defendant must show that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

### C. Amount in Controversy

The remaining issue for the Court to decide, therefore, is whether Defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. The Court concludes that it has not.

In addition to the facts alleged in the removal petition, removal proponents should submit "summary-judgment-type evidence" showing by a preponderance of the evidence that the amount in controversy requirement is met. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The defendant's showing "cannot be based simply upon conclusory allegations." *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

Defendant's Petition for Removal relied primarily on an estimate of Plaintiff's lost earnings to argue that the amount in controversy requirement for diversity jurisdiction is satisfied. Defendant's estimate assumed that Plaintiff's salary at his new job with Arrowhead would be less than what Plaintiff was paid by Defendant. (Def.'s Notice Of Removal 6:10–16, ECF No. 1). Defendant estimated that this salary difference would result in "approximately $76,666.84" in damages. (Def.'s Notice Of Removal 6:22–26, ECF No. 1). As Plaintiff describes in his Motion, however, his salary at Arrowhead (and subsequently at Esterline) was actually *higher* than his salary while working for Defendant. (Pl.'s Mot. To Remand 2:20, ECF No. 15). Therefore, Plaintiff's damages for lost wages are limited to the salary he would have made during the five months he was unemployed. Since Plaintiff's monthly salary while working for Defendant was $9,560.41, his five months of unemployment only resulted in $47,802.05 of damages, far short of the $75,000 threshold.

Defendant also alleged in its Petition for Removal and Opposition that emotional distress damages, punitive damages, and attorney's fees push the amount in controversy over the jurisdictional threshold. (Def.'s Notice of Removal 6:27, ECF No. 1; Def's Opp'n 6:3, ECF No. 18).

After reviewing the facts and Defendant's arguments, the Court finds that emotional distress and

punitive damages are too speculative to form a basis for finding that the $75,000 jurisdictional threshold is satisfied here by a preponderance of the evidence.

While attorney's fees are not generally considered when determining the amount in controversy, "[w]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

The California statute under which Plaintiff sues allows the prevailing party to recover attorney's fees. *See* Cal. Gov't Code § 12965(b). Therefore, the Court will consider attorney's fees when determining whether the amount in controversy exceeds the jurisdictional threshold.

The operative question, therefore, is how and when to measure attorney's fees. There is a split in authority between the circuits, and between lower courts in the Ninth Circuit, over whether the fees to be considered are the fees incurred as of the date the complaint was filed, the fees amassed as of the date of removal, or the fees anticipated to accrue through the end of litigation. *Compare Gardynski Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) (holding that it is proper to include only fees incurred as of the date the complaint was filed) *and Faulkner v. Astro Med, Inc.*, No. C 99 2562 SI, 1999 WL 820198, at *4 (N.D. Cal. Oct. 4, 1999) (holding that the "only fees that can be considered are those incurred as of the date of removal") *with Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (holding that a "reasonable estimate" of future anticipated attorney's fees can be used to determine the amount in controversy) *and Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (holding that courts must "determine[] the amount in controversy based on the damages that can reasonably be anticipated at the time of removal").

The Ninth Circuit has yet to weigh in on the issue. The Court, however, need not decide in this case which approach is best. The Court finds that under any of the standards, Defendant has failed to show by a preponderance of the evidence that the amount in controversy requirement for diversity jurisdiction has been satisfied.

Defendant has not offered sufficiently persuasive "summary-judgment-type" evidence that attorney's fees, combined with the $47,802.05 in lost wages, will satisfy the amount in controversy requirement by a preponderance of the evidence. Defendant's Opposition primarily relies on an argument that Plaintiff's refusal to stipulate that his damages, including attorney's fees, would not exceed $75,000 "concretely shows" that the amount in controversy exceeds the jurisdictional threshold. (Def.'s Opp'n 5:19, ECF No. 18). Plaintiff responds, however, that his refusal is not based on a belief that the amount in controversy is over $75,000, but is rather based on a fear that Defendant will subsequently run up litigation costs if Plaintiff agrees to cap attorney's fees at the outset. Defendant's only other argument that attorney's fees push the amount in controversy over the jurisdictional threshold requires the Court to speculate about potential future attorney's fees in the present litigation absent any particularized facts, something the Court is unwilling to do.

"Federal courts are courts of limited jurisdiction" in that they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, federal courts are not vested with general subject matter jurisdiction, and therefore there is a strong presumption against removal jurisdiction and in favor of remand. *Gaus*, 980 F.2d at 566. The Court finds that Defendant's showing is insufficient to overcome the presumption in favor of remand.

**D.**     **Attorney's Fee Shifting**

Section 1447(c) states that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). While "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources," fee shifting after remand under § 1447(c) is not automatic. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

Rather, courts "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove." *Id.* Therefore, the standard for deciding whether to award attorney's fees after a successful motion to remand to state court "should turn on the reasonableness of the removal." *Id.* Courts will only award attorney's fees in circumstances where "the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

Plaintiff urges the Court to order Defendant to pay for Plaintiff's costs and attorney's fees because "Defendant ha[d] no objectively reasonable basis for removal." (Pl. Mot. To Remand 8:16). The Court disagrees.

While Defendant failed to satisfy its burden, Defendant nonetheless had an objectively reasonable basis for removing the case to federal court. The parties are diverse and Plaintiff is seeking lost wages, emotional distress, and punitive damages, in addition to attorney's fees. The Court finds that Defendant's argument for removal was non-frivolous, and that therefore the parties should bear their own costs and fees.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

:

Initials of Preparer